**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:15-CV-071-RJC-DCK**

| | |
|---|---|
| COMMERCIAL CREDIT GROUP, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| ) | |
| GROVER CLAY CARLOCK, JR., and ) | |
| FERMIN MALDONADO SR., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion Seeking Remand" (Document No. 2). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be <u>granted</u>.

### BACKGROUND

Commercial Credit Group, Inc. ("Plaintiff") initiated this action with the filing of a "Complaint" (Document No. 1-1) in the Superior Court of Mecklenburg County, North Carolina, on January 7, 2015. The Complaint is styled as "an action to recover damages for breach of contract" against Grover Clay Carlock, Jr. ("Carlock") and Fermin Maldonado, Sr. ("Maldonado") (together, "Defendants"). (Document No. 1-1, p.3). Specifically, the Complaint asserts two causes of action: (1) "Count One: Default on Uniserve Obligations and related Guaranties, against all Defendants"; and (2) "Count Two: Default on Universal Note and related Guaranty by Defendant, Fermin Maldonado, Sr." (Document No. 1-1, pp.5-6).

The Complaint states that Plaintiff made "five commercial loans and one equipment lease to Uniserve, LLC ("Uniserve")," and that Defendants guaranteed "payment of all obligations of Uniserve to Plaintiff." (Document No. 1-1, p.4). Plaintiff alleges that "Defendants are jointly and severally liable for the amounts due under the Uniserve Obligations." (Document No. 1-1, p.5). The Complaint seeks a judgment that finds Defendant Carlock jointly and severally liable on Count One for $1,315,690.67, plus pre-judgment interest and legal costs and expenses; and finds Maldonado jointly and severally liable on Counts One and Two for $1,534,704.70, plus pre-judgment interest and legal costs and expenses. (Document No. 1-1, pp.6-7).

On February 11, 2015, Defendant Carlock filed a "Notice Of Removal To Federal Court" (Document No. 1). Carlock's "Notice…" contends that "this Court would have had original diversity jurisdiction over this action when it was filed, and this case is properly removable under 28 U.S.C. § 1441 and 1446." (Document No. 1, p.2). Carlock also contends that "this is the District embracing the place where the action is pending." Id.

The "Notice Of Removal To Federal Court" includes a "Certificate Of Service," indicating that Defendant Carlock served Plaintiff by using CM/ECF and United States mail. (Document No. 1, p.4). Although the "Notice Of Removal To Federal Court" attaches the underlying "Civil Summons" and "Complaint," both of which include Defendant Maldonado's address, Defendant Carlock's "Notice…" does not indicate Defendant Maldonado's position regarding removal, nor does it indicate any attempt to serve the "Notice…" on Defendant Maldonado. Id. See also (Document No. 1-1, pp.2-3; Document No. 1-2, p.4) and Local Rule 5.3.

"Plaintiff's Motion Seeking Remand" (Document No. 2) was filed on February 17, 2015. In short, the motion to remand asserts that "Mr. Carlock's Notice of Removal is defective." (Document No. 2, p.1). It is also argued that "Plaintiff's Motion Seeking Remand" also lacks any

2

indication that Defendant Maldonado was served with the pending motion, or consulted, although it does assert that "Maldonado was served with the summons and complaint on January 10, 2015." (Document No. 2, pp.2-3); see also, (Document No. 2-1, p.3) and (Local Rules 5.3 and 7.1 (B)). "Defendant Grover Clay Carlock, Jr.'s Opposition To Plaintiff's Motion To Remand" (Document No. 6) was filed on March 6, 2015; and "Plaintiff's Reply To Defendant Carlock's Oppos[i]tion To Plaintiff's Motion Seeking Remand" (Document No. 7) was filed on March 10, 2015.

Notably, "Defendant Grover Clay Carlock, Jr.'s Motion To Dismiss And Answer To Plaintiff's Complaint" (Document No. 5) was filed on February 18, 2015, a week after his "Notice Of Removal To Federal Court" (Document No. 1).[1] Defendant Carlock's "...Motion To Dismiss And Answer..." states in part "that the Court lacks subject matter jurisdiction over this matter and personal jurisdiction over the Answering Defendant and that venue is improper." (Document No. 5, p.1).

The pending motion to remand is now ripe for review and a recommendation to the Honorable Robert J. Conrad, Jr.

**DISCUSSION**

As noted above, "Plaintiff's Motion Seeking Remand" contends that "Mr. Carlock's Notice of Removal is defective." (Document No. 2, p.1). Specifically, Plaintiff argues that the removal "is defective because it fails to allege, suggest or evidence the consent of Defendant Maldonado to removal of the action." (Document No. 3, p.2). Plaintiff further asserts that "[u]nder 28 U.S.C. 1446, all defendants in an action must timely consent to removal in order for an action to be properly removed." Id. Plaintiff concludes that the "Notice Of Removal" is defective because it

---

[1] Pursuant to Local Rule 7.1 (C)(1), "Motions to dismiss contained in answers . . . are considered by the Court to be preserved. A party wishing to have decided any preserved motion shall file a separate motion and supporting brief."

3

does not evidence Defendant Maldonado's consent.  Id.  (citing Lapides v. Bd. of Regents Univ. Sys. of Ga., 535 U.S. 613, 620 (2002);  Mayo v. Bd. of Educ. of Prince George's County, 713 F.3d 735 (4th Cir. 2013);  and Gossmeyer v. McDonald, 128 F.3d 481, 489 (7th Cir. 1997)).

In addition, Plaintiff contends that the "statutory requirement that all defendants timely consent to removal, known as the 'rule of unanimity,' is consistent with the federal court's obligation 'to construe removal jurisdiction strictly because of the significant federalism concerns implicated.'"  (Document No. 3, p.2) (citing Maryland Stadium Auth. v. Ellerbe Becket Inc., 407 F.3d 255, 260 (4th Cir. 2005) and Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 109 (1941)).  "The rule of unanimity also limits removal from being used unilaterally by a single defendant in a multiple-defendant action."  Id.

In response, Defendant Carlock concedes, "28 U.S.C. 1446 (b)(2)(B) states that at the time of removal 'all defendants who have been properly joined and served must join in or consent to the removal of the action.'"  (Document No. 6, p.2).  However, Carlock asserts that "[u]pon his best information and belief" he was the only properly served defendant at the time of removal.  Id.  Carlock contends that although Plaintiff now represents that Defendant Maldonado was served by Federal Express on January 10, 2015, Plaintiff did not file an affidavit of service until February 9, 2015.  Id.  See also (Document No. 2-1, p.3).  Carlock acknowledges that an affidavit of service was filed two days prior to the "Notice Of Removal."  Id.

Next, Carlock asserts that he and his counsel "took reasonable effort[s]" to determine whether Maldonado had been served and/or consented to Carlock's removal to federal court.  (Document No. 6, p.3).  Carlock further asserts that he was unable to locate an address, telephone number, or other contact information for Defendant Maldonado.  Id.  Carlock also notes that

Maldonado "has not made any pleading or filing in this case or otherwise." (Document No. 6, p.4).

Finally, Carlock argues that the motion to remand should be denied because Plaintiff failed to follow the Local Rules. Specifically, Carlock contends that Plaintiff failed to consult his counsel prior to filing its motion as required by Local Rule 7.1 (B). (Document No. 6, p.5).

"Plaintiff's Reply…" notes that Defendant Carlock has not cited any of the recognized exceptions to the rule of unanimity, including an exception for when the non-consenting defendant is a nominal party. (Document No. 7, p.1). Plaintiff further notes that the Fourth Circuit defines "nominal" as "a party having no immediately apparent stake in the litigation either prior or subsequent to act of removal." Id. (quoting Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co., 736 F.3d 255, 260 (4th Cir. 2013)). Plaintiff contends that Maldonado is liable to Plaintiff on substantially the same contractual basis as Carlock, and Maldonado's stake in the litigation is "immediately apparent." Id. Plaintiff also asserts that "there is no exception to the rule of unanimity for a defaulting defendant." (Document No. 7, pp.2-3) (quoting AAA Mid-Atlantic Ins. Co. v. Broaddus, 2014 U.S.Dist.LEXIS 47117 (W.D.Va. Apr. 4, 2014).

In short, the undersigned finds Plaintiff's argument for remand to be persuasive and well-supported by legal authority. (Document Nos. 3 and 7). Defendant Carlock's arguments are much less persuasive, particularly with little legal authority backing his position. See (Document No. 6).

For example, although Carlock suggests he made reasonable efforts to locate Maldonado's address and other information prior to removal, it appears that he did not attempt to use the address provided within Plaintiff's "Civil Summons" and "Complaint," where Plaintiff was apparently able to effectively serve Maldonado on January 10, 2015. See (Document No. 1-1, pp.2-3;

Document No. 2-1, p.3). Carlock's argument that he used his "best efforts to locate Defendant Maldonado" are unavailing where there is no evidence he attempted even to use the address on the face of the Complaint. (Document No. 6, p.4).

It is unclear why the parties failed to communicate more effectively regarding whether and when Defendant Maldonado was served with the Complaint. As such, the undersigned is reluctant to entirely fault Plaintiff. Carlock's own briefing suggests that he failed to check the state court docket and notice that an affidavit of service was filed on February 9, 2015 prior to filing his "Notice Of Removal" on February 11, 2015, <u>and</u> that he declined to raise any questions or concerns about service on Maldonado in the email communications attached to his response dated January 30, 2015 and February 11, 2015. (Document No. 6, p.2; Document No. 6-1; Document No. 6-2). The attachments do show that on January 30, 2015, Plaintiff's counsel promptly agreed to allow Defendant Carlock until March 2, 2015 to respond to the Complaint. (Document No. 6-1).

The undersigned recognizes that in some instances this Court will deny a motion based on a failure to comply with the Local Rules, as Defendant Carlock requests in his response. (Document No. 6, p.5). Here, as noted above, it appears that both parties have failed to comply with the Local Rules, and the undersigned is not persuaded that Plaintiff's otherwise sound motion should be rejected on this basis alone.

Most importantly, it appears that Plaintiff's argument for remand is supported by good law, which Defendant Carlock has made no attempt to distinguish. The case law suggests that the Court has little, if any, discretion to deny a request for remand where removal was not properly consented to by all defendants, and thus, the rule of unanimity has not been satisfied.

The undersigned finds a fairly recent decision from the United States District Court for the District of South Carolina to be instructive:

> [A]n exception to the rule of unanimity may be invoked if a defendant has not been served with process at the time the removal petition was filed. At the time [Defendant] Smith Cooper filed its removal petition, it lacked knowledge regarding whether [Co-Defendant] Leonhardt had been properly served. However, **this lack of knowledge cannot satisfy the service of process exception to the rule of unanimity**. As the removing party, Smith Cooper bears the burden of establishing federal subject matter jurisdiction. <u>Jones v. Allstate Ins. Co.</u>, 258 F.Supp.2d 424, 426 (D.S.C. 2003). Smith Cooper has presented no evidence concerning whether Leonhardt was served with process at the time the removal petition was filed. Instead, Smith Cooper has expressly "concede[d] that all conditions precedent to removal under <u>28 U.S.C. § 1446</u> have not been met." ECF No. 11 at 2. Accordingly, the court finds that Smith Cooper has not sustained its burden of proving that an exception to the rule of unanimity is applicable.

<u>Palmetto Automatic Sprinkler Co., Inc. v. Smith Cooper Int'l, Inc. and Leonhardt Pipe & Supply, Inc.</u>, 995 F.Supp.2d 492, 495 (D.S.C. 2014) (emphasis added). <u>See also</u> <u>Creekmore v. Food Lion, Inc.</u>, 797 F.Supp. 505, 508 (E.D.Va. 1992) ("section 1446 requires that each defendant file a notice of removal, either independently or by unambiguously joining in or consenting to another defendant's notice, within the thirty-day period following service of process.").

Based on the foregoing, the undersigned is not persuaded that Defendant Carlock's alleged lack of knowledge of Defendant Maldonado's service of process creates an exception to the rule of unanimity that has been strictly construed by the Fourth Circuit. <u>Mayo v. Bd. of Educ. of Prince George's County</u>, 713 F.3d 735, 741-42 (4th Cir. 2013) (28 U.S.C. § 1446 includes a "'unanimity requirement,' such that all defendants must consent to removal."). Moreover, remand is appropriate here, where it appears that neither side has made sufficient attempts to inform the Co-Defendant of the removal from state court, or to properly serve process in the subsequent litigation before this Court. Defendant Carlock faults Defendant Maldonado's failure to participate in this matter, and yet presents no evidence that Maldonado is even aware this matter is pending before this Court. (Document No. 6, p.4).

## RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Plaintiff's Motion Seeking Remand" (Document No. 2) be **GRANTED.**

## TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: June 18, 2015

David C. Keesler
United States Magistrate Judge